Filed 5/17/16  P. v. Irra CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068890 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD259816) |
| JESUS GABRIEL IRRA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Howard H. Shore, Judge.  Affirmed.

Jill M. Klein, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jesus Gabriel Irra appeals from a judgment following a jury verdict finding him guilty of corporal injury to a fellow parent (Pen. Code, § 273.5, subd. (a));[1] false

---

1    Unless otherwise indicated, all further statutory references are to the Penal Code.

imprisonment (§§ 236, 237, subd. (a)); and three counts of disobeying a court order (§ 273.6, subd. (a)). The trial court sentenced Irra to prison for a term of four years.

Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Irra has not responded to our invitation to file a supplemental brief. After having independently reviewed the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

Irra and the victim Vanessa V. were in a dating relationship. Vanessa V. became pregnant with Irra's child, but broke off the dating relationship before giving birth in August 2014. On September 16, 2014, Vanessa V. arranged to meet Irra outside her house inside his car to give her some money for the child. Vanessa V. testified that in the car Irra had sexual intercourse with her against her will, as well as physically injuring her by twisting and bruising her arm and hitting her in the head. Irra testified that the sexual intercourse was consensual, but he became angry with Vanessa V. during the encounter and hurt her arm.

Vanessa V. obtained a restraining order against Irra on September 26, 2014, but there was evidence that Irra violated the restraining order on several occasions by making contact with Vanessa V. Vanessa V. also testified that her vehicle was vandalized in October 2014, and she suspected that Irra was the perpetrator.

2

Irra was charged with forcible rape (§ 261, subd. (a)(2)); corporal injury to a fellow parent (§ 273.5, subd. (a)); false imprisonment (§§ 236, 237, subd. (a)); petty theft (§ 484); and four counts of disobeying a court order (§ 273.6, subd. (a)).

At trial, the jury found Irra guilty of corporal injury to a fellow parent (§ 273.5, subd. (a)); false imprisonment (§§ 236, 237, subd. (a)); and three counts of disobeying a court order (§ 273.6, subd. (a)). The jury found him not guilty of petty theft (§ 484) and one of the counts of disobeying a court order (§ 273.6, subd. (a)). The jury was unable to reach a verdict on the forcible rape count, and the People eventually dismissed that charge.

At sentencing, the trial court denied probation, explaining that the factors in support of a denial of probation outweighed those in support. It then sentenced Irra to prison for a term of four years.

Irra filed a notice of appeal.

II

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for reversal but invited this court to review the record for error in accordance with *Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel identified as a possible but not arguable issues (1) whether the evidence was sufficient to support a finding that Irra committed false imprisonment; and (2) whether the trial court abused its discretion in denying probation.

3

After we received counsel's brief, we gave Irra an opportunity to file a supplemental brief, but Irra did not respond.

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the issue suggested by counsel, has disclosed no reasonably arguable appellate issue. Irra has been adequately represented by counsel on this appeal.

## DISPOSITION

The judgment is affirmed.

IRION, J.

WE CONCUR:


HUFFMAN, Acting P. J.


AARON, J.


4